

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2005

# Ignatov v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2409

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ignatov v. Atty Gen USA" (2005). *2005 Decisions.* Paper 501.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/501

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2409
_____


ALEKSANDAR IGNATOV,

Petitioner

v.

ALBERTO GONZALES*, Attorney General
of the United States,

Respondent

(*Substituted pursuant to Federal Rule of Appellate Procedure 43(c)(2))


_____

ON PETITION FOR REVIEW OF ORDER OF THE
BOARD OF IMMIGRATION APPEALS
(No. A79-042-836)



Argued July 12, 2005

Before:  ALITO, BECKER, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: September 30, 2005)

Melinda Basaran (Argued)
1061 Main Street
Paterson, New Jersey 07503

Counsel for Petitioner

Norah A. Schwarz (Argued)
Mary Jane Candaux
Anh-Thu P. Mai
Thankful T. Vanderstar
Linda S. Wernery
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C.   20044

Counsel for Respondent

_____

OPINION

_____


PER CURIAM:

This is a petition for review of a decision of the Board of Immigration Appeals (BIA), which affirmed without opinion a decision of an Immigration Judge (IJ).  The IJ, among other things, denied the petitioner's requests for withholding of removal and asylum.

The principal issue presented in this case is whether the record contains sufficient evidence to support the IJ's finding that the petitioner did not prove that he has a well founded fear that he would be persecuted if returned to his native country of Macedonia. We reject this argument and hold that the IJ's factual findings cannot be disturbed under the very limited standard of review set out in § 242(b)(4)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b)(4)(B) (requiring that a factual finding be sustained unless "any reasonable adjudicator would be compelled to conclude to the contrary").

2

The petitioner in this case was an officer with the Macedonia National Police Force. He signed an agreement to remain with the Force for eight years. During that time, a substantial number of Albanians began to enter Macedonia, and there were clashes between the Albanians and members of the Force. The petitioner claims that he received reports of abuses by the Force and that he came to fear that, if he remained with the Force, he would be compelled to participate in such activities. He therefore fled the country.

Petitioner's argument is that, if returned to Macedonia, he would be persecuted because of his political opinion, i.e., his view that the Macedonian police should not engage in abusive acts directed at the Albanians who entered the country. In order to establish that he is eligible for asylum, the petitioner was obligated to show (a) that the Macedonian police were committing improper acts; (b) that they were ordered to do so by superiors; and (c) that officers who refused to comply would be subjected to adverse consequences severe enough to rise to the level of persecution within the meaning of the asylum statute. For present purposes, we assume that the administrative record is adequate to satisfy prong (a) set out above, i.e., that members of the Macedonian Police Force engaged in widespread misconduct directed against the entering Albanians. We likewise assume that the evidence is adequate to satisfy prong (b). After testifying that he had received information about abuses "from couple of close friends who were my roommates at the police academy," the petitioner added: "They were forced to do that.

That was the order to work." A.R. 45. However, even if the evidence in the administrative record was sufficient to compel a reasonable fact finder to conclude that the prongs (a) and (b) were satisfied, the petitioner's argument founders because there is plainly insufficient evidence to compel such a conclusion regarding prong (c).

Our review of the administrative record has not disclosed any direct evidence to support such a finding, and at oral argument, petitioner's counsel was unable to point to any such evidence. We recognize that subordinates in a paramilitary organization are not generally allowed to disobey orders without suffering adverse consequences, but we do not believe that a reasonable fact finder would be compelled to conclude that persecution necessarily would have followed under the circumstances present here. A reasonable fact finder, taking into account the illegality of the orders in question and the need for the adverse consequences to rise to the level of persecution, could, in our judgment, reasonably reject such a finding. For these reasons, we hold that the record is adequate to support the IJ's rulings regarding eligibility for asylum and, a fortiori, withholding of removal. We have considered all of the petitioner's arguments, and see no basis for granting the petition.